1  BILAL A. ESSAYLI
   United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   SHAWN T. ANDREWS (Cal. Bar No. 319565)
4  Assistant United States Attorney
   Deputy Chief, General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-6104
7       Facsimile: (213) 894-0141
        E-mail:    shawn.andrews@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 2:25-MJ-03896-DUTY-2

13            Plaintiff,             GOVERNMENT'S NOTICE OF REQUEST FOR
                                     DETENTION
14            v.

15  LUIS DALHET HIPOLITO,

16            Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

22            following grounds:

23     ☐  a.    present offense committed while defendant was on release

24               pending (felony trial),

25     ☐  b.    defendant is an alien not lawfully admitted for

26               permanent residence; and

27

28

☐   c.   defendant may flee; or

☐   d.   pose a danger to another or the community.

☒ 2.   Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

    ☒   a.   the appearance of the defendant as required;

    ☒   b.   safety of any other person and the community.

☐ 3.   Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

    ☐   a.   defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    ☐   b.   defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4.   Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

    ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ☐   c.   offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

2260, 2421, 2422, 2423 or 2425 (presumption of danger
to community and flight risk);

☐   d.   defendant currently charged with an offense described
in paragraph 5a - 5e below, <u>AND</u> defendant was
previously convicted of an offense described in
paragraph 5a - 5e below (whether Federal or
State/local), <u>AND</u> that previous offense was committed
while defendant was on release pending trial, <u>AND</u> the
current offense was committed within five years of
conviction or release from prison on the above-
described previous conviction (presumption of danger to
community).

☒   5.   Government Is Entitled to Detention Hearing Under § 3142(f)
If the Case Involves:

☐   a.   a crime of violence (as defined in 18 U.S.C.
§ 3156(a)(4)), a violation of 18 U.S.C. § 1591, or
Federal crime of terrorism (as defined in 18 U.S.C.
§ 2332b(g)(5)(B)) for which maximum sentence is 10
years' imprisonment or more;

☐   b.   an offense for which maximum sentence is life
imprisonment or death;

☐   c.   Title 21 or MDLEA offense for which maximum sentence is
10 years' imprisonment or more;

☐   d.   any felony if defendant has two or more convictions for
a crime set forth in a-c above or for an offense under
state or local law that would qualify under a, b, or c

1        if federal jurisdiction were present, or a combination

2        or such offenses;

3  ☐   e.  any felony not otherwise a crime of violence that

4        involves a minor victim or the possession or use of a

5        firearm or destructive device (as defined in 18 U.S.C.

6        § 921), or any other dangerous weapon, or involves a

7        failure to register under 18 U.S.C. § 2250;

8  ☒   f.  serious risk defendant will flee;

9  ☒   g.  serious risk defendant will (obstruct or attempt to

10       obstruct justice) or (threaten, injure, or intimidate

11       prospective witness or juror, or attempt to do so).

12 ☐  6.  Government requests continuance of _____ days for detention

13       hearing under § 3142(f) and based upon the following

14       reason(s):

15

16       _____

17       _____

18       _____

19 //   _____

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

1  ☐    7.    Good cause for continuance in excess of three days exists in

2         that:

3

4  _____

5  _____

6  _____

7  _____

8  Dated: June 25, 2025            Respectfully submitted,

9                                  BILAL A. ESSAYLI
                                   United States Attorney
10
                                   CHRISTINA T. SHAY
11                                 Assistant United States Attorney
                                   Chief, Criminal Division
12

13                                 _____/s/_____
                                   SHAWN T. ANDREWS
14                                 Assistant United States Attorney

15                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
16

17

18

19

20

21

22

23

24

25

26

27

28