Ricardo A. Nicol (SBN 143877)
PACIFIC LAW GROUP
600 W Santa Ana Boulevard, Suite 801
Santa Ana, CA 92701
Tel: (714) 550-6644
Email: Paclaw1020@gmail.com

Steven K. Ridgill (SBN 338535)
LAW OFFICE OF JUDITH L. WOOD
201 S. Santa Fe Avenue, Suite 101
Los Angeles, CA 90012
Tel : (213) 680-7801
Email : Steven@judy-wood.com

*Attorneys for Defendant, LUIS DALHET HIPOLITO*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. LUIS DALHET HIPOLITO, Defendant, | CR: 2:25-CR-00596-SVW<br><br>*[Hon. Stephen Wilson, U.S. District Judge]*<br><br>**DEFENDANT'S *MOTION IN LIMINE* #1 TO EXCLUDE EVIDENCE OF PRIOR ALLEGED "BAD ACTS" AND PHONE DATA**<br><br>**Date: February 9, 2026**<br>**Time: 11:00 a.m.**<br>**Location: 350 W 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012** |

**TO THE HONORABLE COURT AND TO THE PARTIES AND THEIR COUNSEL OF RECORD:** Defendant Luis Dalhet Hipolito, by and through undersigned counsel, respectfully moves in limine, pursuant to Federal Rules of Evidence 401, 403, for a pretrial ruling precluding the Government from presenting evidence or argument regarding the Defendant's prior drug use while on pretrial release and excluding evidence derived from the digital devices of Luis Dalhet Hipolito ("HIPOLITO"), specifically the white Apple iPhone and Samsung cellular phone seized on June 24, 2025. In support of this Motion, Defendant states as follows.

This Court has the "inherent authority" to determine evidentiary issues in advance of trial. *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013). Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a)-(b). Even if evidence is relevant, it must be excluded under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence is unfairly prejudicial when it has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

On June 26, 2025, the Defendant made his initial appearance before United States Magistrate Judge Brianna Fuller Mircheff on charges of 18 U.S.C. §§ 111(a)(1) and (b), Assault on a Federal Officer Resulting in Bodily Injury. At that hearing, bond was set at a $10,000 Appearance Bond with pretrial release conditions, including that the Defendant not use or possess illegal drugs. The next court date is scheduled for February 24, 2026, for trial. Evidence as to whether Defendant used marijuana at any time is unrelated to the pending charges. Its admission would not make any material fact regarding the Defendant's alleged assault on a federal officer more or less probable, and even if it had minimal relevance, its probative value is substantially outweighed by the danger of unfair prejudice. Allowing the Government to present evidence or argument regarding drug use could improperly lead the jury to infer criminal propensity, rather than evaluate the charged conduct on its own merits.

Similarly, evidence derived from HIPOLITO's digital devices is irrelevant to the Defendant's charges. On June 24, 2025, law enforcement seized from HIPOLITO a white Apple iPhone and a Samsung cellular phone pursuant to a search warrant application alleging violation of 18 U.S.C. §§ 111(a)(1) and 372. The affidavit in support of that warrant describes HIPOLITO's recording of portions of the incident and generalized assertions regarding his participation in ideologically motivated groups. Any evidence obtained from HIPOLITO's devices relates solely to his

communications, associations, and actions, and has no bearing on the Defendant's conduct. Admission of this evidence would be highly prejudicial and likely to confuse or mislead the jury, creating the risk that the jury would improperly infer the Defendant's involvement in activities or associations in which he had no participation.

For the foregoing reasons, Defendant respectfully requests that this Court issue a pretrial order precluding the Government from presenting any evidence or argument regarding the Defendant's prior drug use while on pretrial release and excluding all evidence obtained from HIPOLITO's digital devices, including the white Apple iPhone and Samsung cellular phone seized on June 24, 2025.

     Respectfully submitted,

Dated this date of February 2, 2026,

                                                /s/ [Steven K. Ridgill]
                                                Steven Ridgill, SBN 338535
                                                LAW OFFICE OF JUDITH L. WOOD
                                                201 South Santa Fe Ave., Suite 101
                                                Los Angeles, CA 90012
                                                (213) 680-7801
                                                steven@judy-wood.com

                                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February 2026, a copy of the foregoing Motion in Limine to Exclude Evidence of Prior Alleged "Bad Acts" and Phone Data was served via the Court's CM/ECF system on registered parties and counsel.

/s/ [Steven K. Ridgill]
_____
Steven K. Ridgill, attorney for
Defendant, Luis Dalhet Hipolito