TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0140
    E-mail:   solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>LUIS DALHET HIPOLITO,<br><br>      Defendant. | No. CR 25-00596-SVW<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S *MOTION IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR ALLEGED BAD ACTS AND PHONE DATA<br><br>Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m.<br>Location:   Courtroom of the Hon. Stephen Wilson |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, hereby files this Response to defendant's motion in limine to exclude evidence of prior alleged bad acts and phone data.

//

//

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 6, 2026          Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
SOLOMON KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant's motion seeks to exclude evidence at trial of: (1) defendant's marijuana use while on bond; and (2) any evidence derived from defendant's digital devices, namely his two cell phones. The government does not intend to introduce evidence of defendant's alleged prior drug use as substantive evidence in its case-in-chief and does not oppose exclusion of such evidence for that purpose. The government, however, reserves the right to impeach defendant's credibility with prior bad acts, consistent with Federal Rule of Evidence 608, should he testify at trial, including an arrest in January 2023 at a border patrol checkpoint in Jamul, California for alien smuggling during which defendant initially lied to law enforcement regarding his smuggling of aliens across the border.

The government opposes defendant's request to categorically exclude all evidence obtained from defendant's digital devices. To the extent such evidence includes audio or video recordings of the charged incident, or other digital evidence, such as text messages, directly related to defendant's conduct, motive, intent, or state of mind with respect the offense, including evidence reflecting animus or hostility toward law enforcement, it is relevant and admissible. Such evidence is probative of the charged conduct and does not constitute impermissible propensity evidence. See Fed. R. Evid 404(b)(2); United States v. Abel, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess

1  all evidence which might bear on the accuracy and truth of a witness'
2  testimony.").[1]
3     Accordingly, defendant's motion should be denied insofar as it
4  seeks to limit the government's ability to impeach defendant's
5  credibility with specific instances under Rule 608 or to broadly
6  exclude all digital evidence related to the incident or defendant's
7  motive or intent.

---

[1] Defendant asserts that the search warrant affidavit contained generalized allegations regarding defendant's personal participation in ideologically motivated groups. (Dkt. 44 at 3.) Not so. The affidavit referenced only the affiant's general experience with groups that organize to obstruct federal law enforcement and did so merely to establish probable cause to search and seize evidence from defendant's phones relating to a violation of 18 U.S.C. § 372 (Conspiracy to Impede a Federal Officer). The government is not aware of any evidence tying defendant to an ideologically motivated group and does not intend to present such evidence at trial.

2