Ricardo A. Nicol, Esq. (SBN 143877)
PACIFIC LAW GROUP
600 W. Santa Ana Boulevard, Suite 801
Santa Ana, CA 92701-4554
Tel : (714) 550-6644
Email : Paclaw1020@gmail.com

Steven K. Ridgill (SBN 338535)
LAW OFFICE OF JUDITH L. WOOD
201 S. Santa Fe Avenue, Suite 101
Los Angeles, CA 90012
Tel : (213) 680-7801
Email : Steven@judy-wood.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS DALHET HIPOLITO,<br><br>Defendant. | Case No.:  CR 25-00596-SVW<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO EXCLUDE ANDREA VELEZ'S COMPLAINT AND SUBSEQUENT DISMISSAL OF COMPLAINT**<br><br>Date:      February 9, 2026<br>Time:     11:00 a.m.<br>Location: Courtroom of the Hon. Stephen Wilson |

# OPPOSITION MEMORANDUM

## I. INTRODUCTION

Defendant Luis Hipolito respectfully opposes the government's motion in limine seeking to categorically exclude evidence and argument concerning the criminal complaint filed against Andrea Velez and its subsequent dismissal. The government asks this Court to impose a preemptive bar on all reference to the filing and dismissal of Velez's complaint, but such a ruling is premature, overbroad, and unnecessary. The relevance and probative value of this evidence can only be properly evaluated in the context of the trial, once the government presents its case and the issues in dispute become clear. At a minimum, the Court should reserve ruling until trial, when it can assess the purpose and effect of the evidence in context.

## II. ARGUMENT

Evidence is relevant under Federal Rule of Evidence 401 if it has any tendency to make a fact more or less probable than it would be without the evidence and if that fact is of consequence in determining the action. Motions in limine are not intended to resolve questions of relevance in a vacuum. The government's motion, however, seeks a categorical preclusion without regard to the specific context in which the evidence might be used, and it improperly limits Defendant's ability to present a complete defense.

By analogy, in *United States v. White*, 692 F.3d 235 (2d Cir. 2012), the Second Circuit held that it was error for a district court to categorically exclude cross-examination and argument concerning the government's charging decisions. The district court had reasoned that charging decisions regarding one individual do not necessarily bear on the guilt or innocence of another. The Second Circuit rejected that reasoning, emphasizing that such blanket exclusions undermine the defendant's constitutional right to present a complete defense. The court held that the district court must evaluate the relevance and probative value of such evidence in context rather than exclude it automatically. Similarly, in *United States v. Williams*, 2017 WL 4310712 *8 (N.D. Cal. Sept. 28, 2017), the Northern District of California declined to issue a blanket ruling precluding evidence or argument concerning charging decisions, concluding that objections and admissibility determinations are properly addressed at trial when the evidence and purpose of its use are known. This Court should adopt the same approach.

The government's motion also rests on the assumption that evidence of Velez's complaint and dismissal could only be used for an improper purpose, such as suggesting that dismissal proves Defendant's innocence. That assumption is neither necessary nor accurate. Depending on the evidence introduced at trial, the filing and dismissal of the complaint may bear on the completeness and accuracy of the government's account of the encounter, the credibility of law enforcement

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO PRECLUDE ANDREA VELEZ COMPLAINT AND DISMISSAL

witnesses, and the reasonableness of their conduct. The government itself acknowledges that the events surrounding Velez's detention and arrest provide context for the charged offense. Having placed these events at issue, the government cannot preemptively sanitize the jury's understanding by excluding evidence that may be probative of witness credibility, bias, or the sequence of events.

Even if the Court were to find that the probative value of this evidence is limited, Federal Rule of Evidence 403 does not justify a categorical exclusion. Any potential concerns about prejudice, confusion, or waste of time can be addressed with narrowly tailored measures, such as limiting instructions, rather than a blanket bar. Jurors are capable of understanding that a dismissal is a procedural event and not a finding of guilt or innocence. To preclude all reference to the complaint and dismissal at this stage would deny Defendant the opportunity to present a complete and contextually accurate defense.

Finally, any ruling at this stage would be premature. It is not certain that Defendant will seek to introduce evidence or argument regarding the complaint and dismissal, and the relevance of such evidence cannot be fully assessed until the government presents its case. As *White* instructs, district courts may not automatically exclude evidence without inquiry into its relevance and probative value. The prudent course is to deny the government's motion or, at minimum,

reserve ruling until trial, when the Court can evaluate the evidence in context.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the government's motion in limine to preclude evidence and argument concerning the complaint filed against Andrea Velez and its subsequent dismissal. Alternatively, the Court should reserve ruling until trial, when the relevance and probative value of the evidence can be properly assessed in context.

Respectfully submitted,

Dated this date of February 6, 2026,

/s/ [Steven K. Ridgill]
Steven Ridgill, SBN 338535
LAW OFFICE OF JUDITH L. WOOD
201 South Santa Fe Ave., Suite 101
Los Angeles, CA 90012
(213) 680-7801
steven@judy-wood.com

*Attorney for Petitioner*

- 5 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO PRECLUDE ANDREA VELEZ COMPLAINT AND DISMISSAL