Ricardo A. Nicol, Esq. (SBN 143877)
PACIFIC LAW GROUP
600 W. Santa Ana Boulevard, Suite 801
Santa Ana, CA 92701-4554
Tel : (714) 550-6644
Email : Paclaw1020@gmail.com

Steven K. Ridgill (SBN 338535)
LAW OFFICE OF JUDITH L. WOOD
201 S. Santa Fe Avenue, Suite 101
Los Angeles, CA 90012
Tel : (213) 680-7801
Email : Steven@judy-wood.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS DALHET HIPOLITO,<br><br>Defendant. | Case No.: CR 25-00596-SVW<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE IRRELEVANT AND PREJUDICIAL POST-ASSAULT EVIDENCE**<br><br>Date:      February 9, 2026<br>Time:      11:00 a.m.<br>Location:  Courtroom of the Hon. Stephen Wilson |

**OPPOSITION MEMORANDUM**

## I. INTRODUCTION

Defendant Luis Hipolito respectfully opposes the government's motion in limine seeking to exclude evidence of the officers' actions during the arrest that followed the charged assault. The government contends that post-assault evidence—including footage, testimony, and references to Mr. Hipolito's physical condition—is irrelevant and unduly prejudicial.

Where a defendant claims self-defense against a federal officer under 18 U.S.C. § 111, the jury must consider whether the officer's use of force was lawful and whether the defendant reasonably believed that force was necessary to defend himself. Evidence of the arrest is therefore directly relevant to assessing whether the officers' post-assault conduct was consistent with lawful force or demonstrated an escalation that may inform the reasonableness of the defendant's perceptions and actions.

## II. ARGUMENT

The government argues that the assault ended when Mr. Hipolito allegedly punched Officer C.C., rendering subsequent events irrelevant. However, self-defense claims are not limited to the instant of physical contact. Evidence regarding the officers' post-assault use of force, including their methods of restraint and the defendant's treatment during the arrest, bears directly on the reasonableness of the

- 2 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE POST-ASSAULT EVIDENCE

defendant's perception of ongoing or imminent harm. Multiple video recordings show that officers immediately escalated physical contact, struggled to control Mr. Hipolito, and engaged with bystanders while attempting to secure him. A reasonable jury could consider this evidence when evaluating whether the initial or continued force by the officers contributed to the defendant's belief that defensive action was necessary. Excluding such evidence would deprive the jury of the context critical to evaluating the elements of self-defense.

Post-assault conduct is also probative of the sequence and proportionality of the force used. Ninth Circuit Model Criminal Jury Instruction 8.3 provides that a defendant may use only the amount of force that reasonably appears necessary to defend against unlawful force. If officers continued to apply force after the initial confrontation, the jury is entitled to view that evidence when determining whether Mr. Hipolito's response was reasonable or excessive. Denying the jury access to these facts would restrict the context necessary for a fair assessment of the defendant's state of mind.

Where events unfold as part of a single, rapidly developing encounter, the jury is not required to evaluate the charged contact in artificial isolation, but may consider the full sequence of officer and defendant conduct in assessing reasonableness and self-defense. In § 111 cases, the Ninth Circuit recognizes that a defendant is entitled to argue and receive instructions on self-defense where the

- 3 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE POST-ASSAULT EVIDENCE

officer's use of force during the encounter may have been unlawful or excessive, including where the defense theory is that the defendant acted reasonably in response to the officer's force from the outset of the confrontation. *See United States v. Moreno-Ornelas*, 253 F. Supp. 3d 1117, 1120–22 (C.D. Cal. 2017), *aff'd*, 744 F. App'x 441 (9th Cir. 2018). Consistent with that principle, Ninth Circuit evidence law permits admission of acts occurring immediately before or after the charged conduct when they are part of the same transaction or necessary to present a coherent and comprehensible account of the events to the jury. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995); *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Accordingly, evidence of officers' post-assault actions during the continuous arrest sequence is properly considered by the jury in evaluating the reasonableness of Defendant's perceptions and response.

The government also argues that post-arrest evidence is unfairly prejudicial or may confuse the jury. This overstates the risk of prejudice. Evidence is not unfairly prejudicial merely because it may be emotionally compelling; it is prejudicial under Rule 403 only if it would "appeal to the jury's sympathies, arouse its sense of horror, provoke its instincts to punish, or trigger other mainsprings of human action" in a way unrelated to the issues at trial (*United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995)). Here, the evidence is directly relevant to assessing the reasonableness of the defendant's response, not to provoke juror

DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE POST-ASSAULT EVIDENCE

emotion. Proper jury instructions can mitigate confusion or prejudice.

### III. CONCLUSION

For the foregoing reasons, evidence of the officers' actions during the post-assault arrest is relevant to Mr. Hipolito's self-defense claim and should not be excluded. Excluding this evidence would prevent the jury from evaluating the full context of the charged assault, including whether the officers' conduct was lawful and whether the defendant reasonably perceived a threat. The Court should therefore deny the government's motion in limine in its entirety.

Respectfully submitted,

Dated: February 6, 2026,

/s/ [Steven K. Ridgill]
Steven Ridgill, SBN 338535
LAW OFFICE OF JUDITH L. WOOD
201 South Santa Fe Ave., Suite 101
Los Angeles, CA 90012
(213) 680-7801
steven@judy-wood.com

*Attorney for Defendant*