Ricardo A. Nicol, Esq. (SBN 143877)
PACIFIC LAW GROUP
600 W. Santa Ana Boulevard, Suite 801
Santa Ana, CA 92701-4554
Tel : (714) 550-6644
Email : Paclaw1020@gmail.com

Steven K. Ridgill (SBN 338535)
LAW OFFICE OF JUDITH L. WOOD
201 S. Santa Fe Avenue, Suite 101
Los Angeles, CA 90012
Tel : (213) 680-7801
Email : Steven@judy-wood.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS DALHET HIPOLITO,<br><br>Defendant. | Case No.:  CR 25-00596-SVW<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO PRECLUDE SELF-DEFENSE**<br><br>Date:       February 9, 2026<br>Time:      11:00 a.m.<br>Location: Courtroom of the Hon. Stephen Wilson |

**OPPOSITION MEMORANDUM**

I.      **INTRODUCTION**

Defendant Luis Hipolito respectfully opposes the government's motion to preclude him from asserting a self-defense claim at trial. The government contends that Officer C.C.'s use of pepper spray was lawful and that Mr. Hipolito cannot establish a prima facie case of self-defense.

Multiple video recordings of the incident and the oral testimony of Defendant Luis Hipolito and witnesses will support Defendant's defense that contact between Officer C.C. and the Defendant was initiated by Officer C.C.'s use of unlawful and excessive force against the Defendant, giving rise to a valid self-defense claim. Under controlling Ninth Circuit precedent, including *United States v. Span*, 970 F.2d 573 (9th Cir. 1992), *United States v. Sanchez-Lima*, 161 F.3d 545 (9th Cir. 1998), and *United States v. Moore*, 483 F.2d 1361 (9th Cir. 1973), Mr. Hipolito is entitled to present evidence of self-defense to the jury.

II.     **ARGUMENT**

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [government's] accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Washington v. Texas*, 388 U.S. 14, 19 (1967). The Supreme Court has made clear that the erroneous exclusion of critical defense evidence may violate both the Fifth Amendment due process right

and the Sixth Amendment right to present a defense. *Chambers*, 410 U.S. at 294; *Washington*, 388 U.S. at 18–19. Excluding Mr. Hipolito's self-defense evidence would severely impede his constitutional rights to a fair trial and to present a complete defense. *See also Taylor v. United States*, 484 U.S. 400, 410 (1988); Fed. R. Evid. 403.

A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998). The jury must unanimously reject a defendant's self-defense theory in order to find him guilty. *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008).

The combination of video evidence and eyewitness testimony will support Defendant's defense that contact between Officer C.C. and the Defendant was initiated by Officer C.C.'s use of unlawful and excessive force against the Defendant—one recording shows this at approximately thirty-seven minutes and fifty seconds, another at thirty seconds. There does not appear to be any body camera footage from the officer who initiated the contact. These recordings provide a foundation for a reasonable jury to conclude that Officer C.C. used excessive force, thereby triggering Mr. Hipolito's right to defend himself. *See United States v. Span*, 970 F.2d 573, 580–581 (9th Cir. 1992); *United States v. Moore*, 483 F.2d

1361, 1364–65 (9th Cir. 1973). Mr. Hipolito's response was a defensive reaction to unlawful force and not retaliatory, making the issue of the officer's use of force one properly reserved for the jury to evaluate.

As stated in *Washington*, the right to present corroborative testimony "is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington*, 388 U.S. at 19. Mr. Hipolito and any witnesses to the initial attack by Officer C.C. cannot be precluded from providing critical testimony that supports his self-defense claim.

The video evidence, combined with witness testimony, provides the necessary foundation for the jury to consider whether Mr. Hipolito reasonably believed that force was necessary and whether his response was proportionate. The determination of whether the officer's force was lawful is a question for the jury. *United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008). Denying Mr. Hipolito the opportunity to present self-defense evidence would improperly deprive the jury of the ability to weigh the facts, including the timing and context of the initial strike, and to evaluate the reasonableness of his response.

**III.     CONCLUSION**

Because the expected evidence will support Defendant's defense that contact between Officer C.C. and the Defendant was initiated by Officer C.C.'s use of

- 4 -
DEFENDANT'S OPPOSITION TO GOVERNMENT'S MIL TO PRECLUDE SELF-DEFENSE

unlawful and excessive force against the Defendant, and because Mr. Hipolito's response was a direct and proportionate defensive reaction, he has presented prima facie evidence sufficient to raise a self-defense claim at trial. The Court should therefore deny the government's motion in limine and allow the jury to consider self-defense as a potential explanation for Mr. Hipolito's conduct.

Respectfully submitted,

Dated: February 6, 2026,

/s/ [Steven K. Ridgill]
Steven Ridgill, SBN 338535
LAW OFFICE OF JUDITH L. WOOD
201 South Santa Fe Ave., Suite 101
Los Angeles, CA 90012
(213) 680-7801
steven@judy-wood.com

*Attorney for Defendant*