BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0140
    E-mail:    solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-00596 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| LUIS DALHET HIPOLITO, | |
| Defendant. | **CURRENT TRIAL DATE:** 2/24/26 **PROPOSED TRIAL DATE:** 3/31/26 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, and defendant Luis Dalhet Hipolito ("defendant"), both individually and by and through his counsel of record, Ricardo Nicol and Steven Ridgill, hereby stipulate as follows:

1.    The Indictment in this case was filed on July 15, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 26, 2025.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 23, 2025.

2.    On July 22, 2025, the Court set a trial date of September 9, 2025.

3.    Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately two to three days

4.    By this stipulation, defendant moves to continue the trial date to March 31, 2026, and the status conference to March 23, 206. This is the second request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with a violation of 18 § U.S.C. 111(a)(1), (b):  Assault on a Federal Official.  The government has produced discovery to the defense, including over approximately 160 pages of reports, audio, and video recordings.

b.    In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

d.    The government does not object to the continuance.

e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from February 24, 2026 to March 31, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

1    Trial Act may in the future authorize the exclusion of additional

2    time periods from the period within which trial must commence.

3           IT IS SO STIPULATED.

4    Dated: February 18, 2026          Respectfully submitted,

5                                      BILAL A. ESSAYLI
                                       First Assistant United States
6                                      Attorney

7                                      ALEXANDER B. SCHWAB
                                       Assistant United States Attorney
8                                      Acting Chief, Criminal Division

9
                                           /s/
10                                     _____
                                       SOLOMON KIM
11                                     Assistant United States Attorney

12                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I am LUIS HIPOLITO's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 31, 2026 is an informed and voluntary one.

    /s/ with authorization         2/18/26
STEVEN RIDGILL                     Date
RICARDO NICOL
Attorney for Defendant
LUIS HIPOLITO