TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JASON C. PANG (Cal. Bar No. 296043)
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorneys
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2652 / 4447
    Facsimile: (213) 894-0141
    E-mail:    jason.pang@usdoj.gov
               johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS DALHET HIPOLITO,<br><br>Defendant. | No. CR 25-00596-SVW<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date: February 24, 2026<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>            Hon. Steven V. Wilson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Solomon Kim and Jason C. Pang, and defendant LUIS DALHET HIPOLITO, by and through his counsel of record, Richardo A. Nicol and Steven K. Ridgill hereby submit Joint Proposed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent

1

version of the Jury Instructions found on the Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: March 23, 2026                Respectfully submitted,

                                     TODD BLANCHE
                                     Deputy Attorney General
                                     BILAL A. ESSAYLI
                                     First Assistant United States
                                     Attorney

                                     ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
                                     Acting Chief, Criminal Division

                                       /s/
                                     JASON C. PANG
                                     JOHNPAUL LECEDRE
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA


Dated: March 23, 2006                 (In Person on 3/23/26)
                                     RICHARDO A. NICOL
                                     STEVEN K. RIDGILL

                                     Attorneys for Defendant
                                     LUIS DALHET HIPOLITO

**INDEX OF JOINT PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 1 |
| 2 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 3 |
| 3 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 5 |
| 4 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 6 |
| 5 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 7 |
| 6 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 8 |
| 7 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 9 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 8 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) (modified to include example from comments to instruction) | 10 |
| 9 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 11 |
| 10 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 13 |
| 11 | | Assault on a Federal Officer or Employee | Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) (modified); United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992); United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018) | 14 |
| 12 | | Assault on a Federal Officer or Employee – Defenses **[IF SELF-DEFENSE PERMITTED]** | Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) (modified) | 16 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 13 | | Preemptive Attacker<br><br>**[IF SELF-DEFENSE PERMITTED]** | United States v. McNeal, 765 Fed. Appx. 193, 194 (9th Cir. 2019); United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011) | 17 |
| 14 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 18 |
| 15 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 20 |
| 16 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 22 |
| 17 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 23 |
| 18 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 24 |
| 19 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 25 |

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for

1

a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

     [ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

//
//
//
//
//
//

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

//

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) [Duties of the Jury to Find Facts and Follow Law]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.)

[Charge Against Defendant Not Evidence -- Presumption of Innocence  -- Burden of Proof]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) [Reasonable Doubt -- Defined]

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence]

9

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION No. 8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence] (modified to include example from comment)

10

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you

11

think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) [Statements by Defendant]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION No. 11

The defendant is charged in the indictment with assault on a federal officer in violation of Section 111(b) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted C.C.;

Second, the defendant did so while C.C. was engaged in, or on account of his official duties; and

Third, the defendant inflicted bodily injury.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A bodily injury means any injury to the body, no matter how temporary.  A bodily injury also includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; or impairment of the function of a bodily member, organ, or mental faculty.

//
//
//
//
//
//
//

14

An officer is engaged in the performance of official duties when he or she is acting within the scope of what he or she is employed to do, as distinguished from a personal frolic of his or her own.  It is not relevant whether the officer was abiding by laws and regulations in effect at the time of the incident.

//

Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) (Assault on a Federal Officer or Employee)(18 U.S.C. § 111(b)); United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992) (citing 18 U.S.C. §§ 831(f)(4)); Ninth Circuit Model Criminal Jury Instructions, Nos. 8.1 (2022 ed.) (comment) (citing United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009); United States v. Baca, Case No. 5:24-cr-00133-JAK, Instrs. No. 12 (C.D. Cal. Oct. 23, 2025); United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018)

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION No. 12

**[IF SELF-DEFENSE PERMITTED]**

The defendant asserts that he acted in self-defense.  It is a defense to the charge if (1) the defendant did not know that C.C. was a federal officer or employee, (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) the defendant used no more force than appeared reasonably necessary in the circumstances.

Force which is likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.  In addition to proving all the elements of the crime beyond a reasonable doubt, the government must also prove beyond a reasonable doubt either (1) that the defendant knew that C.C. was a federal officer or employee or (2) that the defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) that the defendant used more force than appeared reasonably necessary in the circumstances.

Ninth Circuit Model Criminal Jury Instructions, Nos. 8.3 (2022 ed.) (Assault on a Federal Officer or Employee-Defenses)

16

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 13

**[IF SELF-DEFENSE PERMITTED]**

If you find that the defendant was the initial attacker and did not clearly withdraw from the confrontation before using force, then self-defense does not apply.

United States v. McNeal, 765 Fed. Appx. 193, 194 (9th Cir. 2019) (preemptive attacker could not make out self-defense claim); United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault"); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011) (because defendant was the attacker, he "could not in those circumstances successfully urge a self defense theory.").

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 14

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

18

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) [Duty to Deliberate]

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions

20

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) [Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) [Jury Consideration of Punishment]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.)

[Verdict Form]

24

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) [Communication with Court]

25

1