UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cr-00596-SVW-1 | Date | March 25, 2026 |
| Title | *USA v. Hipolito* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER ADDRESSING THE PARTIES' MOTIONS IN LIMINE

### I.    Introduction

Before the Court are motions in limine made by both the United States of America ("the Government") and Defendant Luis Dalhet Hipolito. ECF Nos. 40-44. The Court discussed these motions in limine with the parties at a pretrial conference held on March 23, 2026. ECF No. 60. This Order outlines the Court's rulings on these motions.

### II.    The Government's Motion in Limine to Exclude Improper Jury Nullification Arguments

The Government's first motion in limine seeks to exclude argument or evidence concerning jury nullification, and the validity of immigration laws, enforcement, or policy, including the propriety of law enforcement's decision to approach an individual on the sidewalk on June 24, 2025. ECF No. 40. The Court GRANTS this motion. Defendant concedes that evidence or argument expressly aimed at encouraging jury nullification is improper. ECF No. 46 at 3. Moreover, any argument or evidence concerning the validity of immigration laws, enforcement, or policy is irrelevant to the crime Defendant is charged with—assault on a federal officer. The Court notes that this ruling does not preclude Defendant

:

| | | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cr-00596-SVW-1 | Date | March 25, 2026 |
| Title | *USA v. Hipolito* | | |

from presenting evidence relevant to the incident at issue, including the victim officer's conduct during the incident or policies and training governing the victim officer's use of force.

### III.    The Government's Motion in Limine to Preclude Post-Assault Evidence

The Government's second motion in limine seeks to preclude evidence or argument relating to Defendant's takedown and arrest. ECF No. 41. The Court GRANTS this motion. We disagree with Defendant's contention that this evidence relates to Defendant's self-defense argument. ECF No. 48 at 2. This evidence is irrelevant to the self-defense inquiry given it relates only to conduct that occurred after the assault.

### IV.    The Government's Motion in Limine to Exclude Andrea Velez's Complaint and Subsequent Dismissal of Complaint

The Government's third motion in limine seeks to exclude evidence or argument relating to the procedural and legal history of third-party Andrea Velez's case. ECF No. 42. The Court agrees with the Government that evidence related to the criminal complaint filed against Andrea Velez and the later dismissal of that complaint is irrelevant to the charge against Defendant and thus GRANTS the Government's motion.

### V.    The Government's Motion in Limine to Preclude Defendant from Raising a Self-Defense Claim

The Government's fourth motion in limine seeks to preclude Defendant from raising a self-defense claim to his assault on a federal officer charge. ECF No. 43.

Defendant bears the burden of establishing that he is eligible to present a self-defense claim to the jury. *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (Courts "may preclude a defense if the

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:25-cr-00596-SVW-1 | Date | March 25, 2026 |
|---|---|---|---|

| Title | *USA v. Hipolito* |
|---|---|

defendant fails to make a prima facie showing that he is eligible for the defense." (citing *United States v. Moreno*, 102 F.3d 994, 997–98 (9th Cir.1996))). "Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011) (quoting *United States v. Becerra*, 992 F.2d 960, 963 (9th Cir.1993))).

Here, defense counsel proffered evidence—i.e., witness testimony that the victim officer punched Defendant before pepper spraying him—that makes out a prima facie showing of self-defense.[1] Although the video presented to the Court at the pretrial conference does not appear to show that the victim officer punched Defendant, only slight, even inconsistent, evidence will allow Defendant to present his self-defense claim to the jury. Ultimately, the jury is best suited to determine whether or not Defendant acted in self-defense by striking the victim officer after being pepper sprayed. Accordingly, the Court DENIES the Government's motion.

---

[1] The affirmative defense of self-defense in response to a section 111 charge has been explained by the Ninth Circuit as follows:

> For purposes of Section 111, we have recognized that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. *See United States v. Span*, 970 F.2d 573, 577 (9th Cir.1992); *see also id.* at 580 (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). To do so, however, a defendant must offer evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Urena*, 659 F.3d 903, 907 (9th Cir.2011) (quoting *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir.2006)). Moreover, an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault. *Id.*

> *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012).

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:25-cr-00596-SVW-1 | Date | March 25, 2026 |
|---|---|---|---|

| Title | *USA v. Hipolito* |
|---|---|

### VI.    Defendant's Motion in Limine to Exclude Evidence of Prior Alleged Bad Acts and Phone Data

Defendant seeks to preclude the Government from presenting evidence or argument regarding the Defendant's prior drug use while on pretrial release and excluding evidence derived from Defendant's digital devices. ECF No. 44. The parties at the pretrial conference indicated they no longer seek to admit evidence from Defendant's digital devices, so the Court declines to make a ruling with respect to such evidence.

With respect to evidence of Defendant's use of marijuana while on bond, the Court concludes that such evidence must be excluded. Any limited probative value this evidence has (even for impeachment purposes) is substantially outweighed by its unfair prejudice under Rule 403. The Court thus GRANTS Defendant's motion in limine.

The Government's opposition to Defendant's motion in limine indicated the Government's intent to present evidence that Defendant was arrested in January 2023 at a border patrol checkpoint in Jamul, California for alien smuggling and that he initially lied to law enforcement regarding his conduct. Because the government stated it would only present this evidence at trial if Defendant were to testify, we reserve a ruling until trial.

### VII.    Conclusion

For the foregoing reasons, the Court holds that:

- The Government's Motion in Limine to Exclude Improper Jury Nullification Arguments, ECF No. 40, is GRANTED.
- The Government's Motion in Limine to Preclude Post-Assault Evidence, ECF No. 41, is GRANTED.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cr-00596-SVW-1 | Date | March 25, 2026 |
| Title | *USA v. Hipolito* | | |

- The Government's Motion in Limine to Exclude Andrea Velez's Complaint and Subsequent Dismissal of Complaint, ECF No. 42, is GRANTED.
- The Government's Motion in Limine to Preclude Defendant from Raising a Self-Defense Claim, ECF No. 43, is DENIED.
- Defendant's Motion in Limine to Exclude Evidence of Prior Alleged Bad Acts and Phone Data, ECF No. 44, is GRANTED.

**IT IS SO ORDERED.**

:

Initials of Preparer   DTA